UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KIMBERLIN RODRIGUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>        Defendant. | Case No. 1:25-cv-00609-EGC<br><br>**ORDER (1) TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND TO PROSECUTE, (2) VACATING THE SCHEDULING CONFERENCE SET FOR MAY 21, 2026, & (3) DIRECTING THE CLERK TO SERVE A COPY OF THIS ORDER ON PLAINTIFF**<br><br>21-DAY DEADLINE |

On May 22, 2025, Plaintiff filed the complaint in this case against Defendant. (Doc. 1).

An initial Scheduling Conference was set for September 11, 2025, and then subsequently continued thrice to May 21, 2026. (*See* Docs. 8, 9, 10). As set forth in the Court's Order Setting Mandatory Scheduling Conference, (Doc. 4), "[a]ttendance at the Scheduling Conference is ***mandatory*** upon each party not represented by counsel or by retained counsel." (*Id.* at 2). The parties were also ordered to submit "[a] Joint Scheduling Report, carefully prepared and executed *by all counsel/pro se parties*" one week prior to the Scheduling Conference. (*See id.* (emphasis added)). The Joint Scheduling Report was therefore due on May 14, 2026. No such report has been filed. (*See* Docket). Additionally, on November 13, 2025, the Court observed that Plaintiff had not filed proof of service of the complaint on Defendant and ordered Plaintiff to file proof of service or a status report indicating whether Plaintiff intends to continue to prosecute this case as to defendant. (Doc. 9). No such proof of service or status report was filed. (*See* Docket).

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel

or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Based on the foregoing, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this order, why this action should not be dismissed for her failure to comply with the Court's Order Setting Mandatory Scheduling Conference, (Doc. 4), and Order to File Proof of Service or a Status Report, (Doc. 9) and for her failure to prosecute this case.** The Court further CAUTIONS Plaintiff that, if she fails to file this statement within twenty-one (21) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

The Court also VACATES the Initial Joint Scheduling Conference set for May 21, 2026.

The Clerk of Court is DIRECTED to serve a copy of this order on Plaintiff at her address as reflected on the Docket.

IT IS SO ORDERED.

Dated:   **May 18, 2026**                            _____

UNITED STATES MAGISTRATE JUDGE

2