# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLIN RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant.<br>_____/ | Case No.  1:25-cv-00609-EGC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE**<br><br>(Docs. 9, 12)<br><br><u>OBJECTIONS DUE: 14 DAYS</u><br><br>Clerk to Assign a District Judge |

Plaintiff Kimberlin Rodriguez is proceeding *pro se* in this action filed on May 22, 2025. (Doc. 1).

An initial Scheduling Conference was set for September 11, 2025, and then subsequently continued thrice to May 21, 2026. (*See* Docs. 8, 9, 10). As set forth in the Court's Order Setting Mandatory Scheduling Conference, (Doc. 4), "[a]ttendance at the Scheduling Conference is *mandatory* upon each party not represented by counsel or by retained counsel." (*Id.* at 2). The parties were also ordered to submit "[a] Joint Scheduling Report, carefully prepared and executed *by all counsel/pro se parties*" one week prior to the Scheduling Conference. (*See id.* (emphasis added)). The Joint Scheduling Report was therefore due on May 14, 2026. No such report has been filed. (*See* Docket). Additionally, on November 13, 2025, the Court observed that Plaintiff had not filed proof of service of the complaint on Defendant and ordered Plaintiff to file proof of

service or a status report indicating whether Plaintiff intends to continue to prosecute this case as to defendant. (Doc. 9). No such proof of service or status report was filed. (*See* Docket).

On May 18, 2026, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for her failure to comply with the Court's screening order and for failure to prosecute this case. (Doc. 12). Plaintiff was warned in the OSC that failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id*. at 2). Plaintiff has not yet filed any response, and the time to do so has passed.

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, to obey a court order, or to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the screening order and the OSC, there is no alternative but to dismiss the action for her failure to obey court orders and failure to prosecute.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute this action.

These Findings and Recommendation will be submitted to the assigned United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B). **Within fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections

with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court **DIRECTS** the Clerk of Court to send a copy of this Order to Plaintiff at her address as listed on the docket for this matter.  The Court further **DIRECTS** the Clerk to assign a District Judge.

IT IS SO ORDERED.

Dated:   **June 15, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3