# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KIMBERLIN RODRIGUEZ,

Plaintiff,

v.

DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Defendant.

Case No. 1:25-cv-00609-KES-EGC

**ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE**

(Doc. 14)

Plaintiff Kimberlin Rodriguez proceeds *pro se* in this action initiated on May 22, 2025. (Doc. 1).

On May 18, 2026, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for her failure to comply with the Court's screening order and for failure to prosecute this case. (Doc. 12). Plaintiff was warned in the OSC that failure to comply with the Court's order would result in a recommendation to dismiss this action. (*Id*. at 2). Plaintiff did not file response. (*See* Docket).

On June 15, 2026, the magistrate judge issued findings and recommendation, recommending that this case be dismissed due to plaintiff's failure to comply with the Court's orders and failure to prosecute. (Doc. 14). Those findings and recommendation were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days

of service. (*Id.* at 2–3). Plaintiff has not filed any objections to the findings and recommendation and the time to do so has passed. (*See* Docket).

Pursuant to 28 U.S.C. § 636 (b)(1), this Court conducted a de novo review of the case. Having carefully reviewed the matter, the Court finds the findings and recommendation to be supported by the record. In determining whether to dismiss an action as a sanction, courts must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the public's interest in expeditiously resolving this litigation and the Court's need to manage its docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent authority to manage their dockets without being subject to noncompliant litigants). As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See*, *e.g., Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Finally, there is little else available to the Court that would constitute a satisfactory lesser sanction given the Court's apparent inability to communicate with Plaintiff . *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action."). Moreover, plaintiff was already warned that plaintiff's failure to comply with the screening order and OSC would result in the dismissal of this action. *Ferdik*, 963 F.2d at 1262 (district court's

warning to a party that his failure to obey will result in dismissal satisfies the "consideration of alternatives" requirement).

Accordingly:

1. The findings and recommendation issued on June 15, 2026, (Doc. 14), are ADOPTED;
2. This action is DISMISSED for failure to prosecute and failure to obey court orders; and
3. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: July 18, 2026

UNITED STATES DISTRICT JUDGE